## JETER v. DISTRICT COURT OF TULSA COUNTY et al.

No. 12734—Opinion Filed April 25, 1922.

Rehearing Denied May 16, 1922.

(Syllabus.)

1. **Criminal Law — Former Jeopardy — Waiver of Defense.**

In a criminal action the plea of former jeopardy is a defense that may be invoked by the defendant on the trial of the case, or the defendant may waive this defense.

2. **Same—Trial—Question of Law or Fact.**

When the defendant interposes a plea of former jeopardy in the trial of a criminal action, a question of fact ordinarily arises which should be submitted to the jury for its determination. If the facts are admitted and only a question of law is presented by such plea, the trial court before which the action is pending is the court that has original jurisdiction to hear and determine the question of law when properly presented.

3. **Prohibition — Questions Determinable — Former Jeopardy.**

The question of former jeopardy is not properly presented for determination by this court on a petition for a writ of prohibition.

4. **Prohibition—When Writ May be Resorted to.**

Prohibition is an extraordinary writ and cannot be resorted to when the ordinary and usual remedies provided by law are available. It will only issue where an inferior tribunal does not have jurisdiction or assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force.

5. **Same—Invoking Defense of Former Jeopardy—Jurisdiction of Supreme Court.**

Where a defendant in a criminal action has an adequate remedy by appeal, and the district court has jurisdiction of the person

of the defendant and jurisdiction to try the crime charged against the defendant, a petition alleging former jeopardy and asking this court to issue a writ of prohibition to prevent the trial court from trying such criminal action is an attempt to invoke the appellate jurisdiction of this court in a criminal action.

### 6. Same—Criminal Law—Jurisdiction.

By the Constitution and statutes the Criminal Court of Appeals is vested with exclusive appellate jurisdiction in criminal cases, therefore this court does not have jurisdiction to issue the writ of prohibition in this case.

Original proceeding by Erwin L. Jeter for writ of prohibition against the District Court of Tulsa County and Redmond S. Cole, District Judge, to prohibit said court from trying said Erwin L. Jeter, charged by information with the crime of murder. Writ denied.

Linn & Riddle, for plaintiff in error.

Thomas I. Monroe, for defendants in error.

MILLER, J. This is an action instituted in this court asking that a writ of prohibition issue against the district court of Tulsa county and the Honorable Redmond S. Cole, as judge of such court, to prohibit the court from proceeding with the trial of the plaintiff, Erwin L. Jeter, on an information charging said plaintiff with the crime of murder.

The facts as stated in the petition are that about June 1, 1919, a complaint was filed before H. J. Gray, justice of the peace within and for Tulsa county, charging that plaintiff on or about the 30th day of May, 1919, committed the crime of murder by shooting and killing one Frank McGlothlin, in Tulsa county. That the justice of the peace refused to hold plaintiff herein for the crime of murder, but did commit him to answer to the district court upon a charge of manslaughter. Thereafter the county attorney prosecuted this plaintiff on the charge of manslaughter, and after a jury had been duly empaneled and sworn to try said cause and a part of the state's evidence had been introduced, the district court, over the objection of this plaintiff and without his consent, announced that the defendant in said action was either guilty of murder or nothing and discharged the jury and directed the county attorney to file an information against the defendant, Erwin L. Jeter, charging him with the same act of killing the said Frank McGlothlin, but that the said act of killing should be designated as murder instead of manslaughter. The county at-torney filed an information in the district court, charging the defendant with the act of killing the said Frank McGlothlin and designating the crime as murder.

The plaintiff in his petition does not complain that a complaint was not filed before a justice of the peace or county judge, or that a preliminary was not had or that he was not legally bound over to the district court pursuant to a preliminary hearing. Therefore, we will assume that all of these proceedings were regularly had in conformity with the statutes. The only complaint made by plaintiff is that the district court is without jurisdiction to try him on the charge of murder for the reason that it would be putting him twice in jeopardy for the same offense, and therefore violate section 21, article 2, of the constitution of Oklahoma.

The plaintiff shows in his petition that he has filed a motion in the district court to be discharged on the ground of former jeopardy and that the district court refused to discharge him. He petitioned the Criminal Court of Appeals for a writ of habeas corpus and that court refused to pass upon the question of the jurisdiction of the district court to try him, notwithstanding his plea of former jeopardy, but made an order allowing and fixing bail for the plaintiff.

The plea of former jeopardy is a defense that may be invoked by the defendant in a criminal action, or he may waive this defense and submit to trial. If a defendant was convicted, notwithstanding his plea of former jeopardy, he has an adequate remedy at law by appeal the same as though he invoked any other defense.

In Newton v. State, 14 Okla. Cr. 226, 170 Pac. 270, the Criminal Court of Appeals said:

"Upon the interposing of a plea of former jeopardy in the trial of any criminal case, a question of fact ordinarily arises, which should be submitted to the jury for determination, unless the court is satisfied as a matter of law that the plea interposed is insufficient to raise the question of former jeopardy. In such event it is not error for the court to refuse to submit said plea to the jury if as a question of law it is insufficient."

See Ex parte Johnson, 1 Okla. Cr. 286, 97 Pac. 1023; Ex parte Guy Crofford, 39 Tex. Cr. Rep. 547.

Prohibition is an extraordinary writ, and cannot be resorted to when the ordinary and usual remedies provided by law are available. It will only issue where an infe-

rio: tribunal does not have jurisdiction or assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force.

The district court of Tulsa county had jurisdiction of the defendant, Erwin L. Jeter, plaintiff herein. Having jurisdiction of his person, it had jurisdiction to try him for the crime of murder as charged in the information.

Former jeopardy being a defense that may be invoked by a defendant upon the trial of the case, it is the duty of a trial court to try this as such defense. The question of former jeopardy is not properly presented to this court for its determination by a writ of prohibition.

"On application for prohibition the only inquiries permitted are whether the inferior court is exercising a judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it, and, consequently, this court will not investigate the merits of the cause before the inferior court." Hirsh et al. v. Twyford et al., 40 Okla. 220, 139 Pac. 313.

"A writ of prohibition will not be awarded when the ordinary and original remedies provided by law, such as a writ of error, certiorari, or other modes of review or injunction are available. (a) In criminal cases, neither appeal, habeas corpus nor certiorari, as a rule, would be a plain, speedy, or adequate remedy. (b) As a rule in criminal cases, when the court under all contingencies is plainly without jurisdiction, prohibition is available." Herndon v. Hammond, 28 Okla. 616, 115 Pac. 775.

"Upon a proper showing the Criminal Court of Appeals has the right and power to issue a writ of prohibition in a criminal case. (a) The fact that an unauthorized person was present when the grand jury was deliberating upon a case would not authorize the issuance of a writ of prohibition prohibiting the trial court from trying the defendant upon an indictment found under such circumstances. (b) Appellate courts should not interfere by writ of prohibition with the trial of causes where a trial court has jurisdiction of the subject-matter and the person of the defendant; but such trial courts should be permitted to proceed to judgment, and any irregularities should only be reviewed upon appeal." Corley et al. v. Adair County Court, 10 Okla. Cr. 104, 134 Pac. 835.

"Prohibition will not lie where an inferior court having jurisdiction of both the subject-matter and the parties, making an erroneous application of the law, grants an injunction, an appeal lying from said order to the Supreme Court, pending which, such order may be superseded." Pioneer Telephone & Telegraph Co. v. City of Bartlesville, 27 Okla. 214, 111 Pac. 207.

"Where an inferior court has jurisdiction of the subject-matter and the parties to an action, and an appeal lies from the orders of said court therein to the Supreme Court, prohibition will not lie, though said court may make an erroneous application of the law in the determination of said cause." Spradling v. Hudson, District Judge, 45 Okla. 767, 146 Pac. 588.

"Prohibition, being an extraordinary remedy, cannot be resorted to when ordinary and usual remedies provided by law are available. The writ will not be awarded on account of inconvenience, expense, or delay, nor for the reason that the applicants may not be able to secure a supersedeas bond. * * * This is an original application for a writ of prohibition, directed against the district court of Marshall county and the presiding judge of that district, seeking to prevent said court and judge from entering a decree partitioning certain real estate, known as restricted Indian allotment lands, belonging to full-blood Mississippi Choctaw Indians, by inheritance, as heirs of their mother, who was also a full-blood Mississippi Choctaw Indian. The court had jurisdiction of the parties and the subject-matter. Held, that the applicants for said writ having an adequate remedy by appeal from the decree of partition, the writ should be denied." State ex rel. Mose et al. v. District Court of Marshall County et al., 46 Okla. 654, 149 Pac. 240.

"The Criminal Court of Appeals will issue a writ of prohibition to prohibit a district court from proceeding in a criminal action of which it has no jurisdiction, and of which the county court has exclusive jurisdiction." Warner v. Mathews, 11 Okla. Cr. 122, 143 Pac. 516.

"The writ of prohibition is that process by which an appellate court prevents an inferior court from usurping or exercising unauthorized jurisdiction." State ex rel. Atty. Gen. v. Stanfield, 11 Okla. Cr. 147, 143 Pac. 519.

"Prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available." State ex rel. Mays v. Breckenridge, 43 Okla. 711, 142 Pac. 407.

The defendant in error has not filed any brief in this case, and the question of jurisdiction has therefore not been raised, but as that is one of the questions for this court to consider, we shall proceed to determine it.

Section 2, of article 7, of the Constitution, defines the jurisdiction of the Supreme Court. It also authorizes the creation

of a Criminal Court of Appeals and defines its jurisdiction. We quote a part of said section 2, as follows:

"The appellate jurisdiction of the Supreme Court shall be co-extensive with the state, and shall extend to all civil cases at law and in equity, and to all criminal cases until a Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases shall be established by law."

Under this section of the Constitution, the Criminal Court of Appeals, when established by law, is to have exclusive appellate jurisdiction in criminal cases. Sections 1769 and 1770, Revised Laws of Oklahoma, 1910, define the appellate and original jurisdiction of the Criminal Court of Appeals. These sections read as follows:

"Section 1769. The Criminal Court of Appeals shall have exclusive appellate jurisdiction, co-extensive with the limits of the state, in all criminal cases appealed from the district, superior and county courts, and such other courts of record as may be established by law.

"Section 1770. Said court and judges thereof shall have the power to issue writs of habeas corpus; and, under such regulations as may be prescribed by law, issue such writs as may be necessary to exercise its jurisdiction; and may prescribe and promulgate such rules for the government of said court as it may deem necessary."

The only original jurisdiction conferred upon the Criminal Court of Appeals is to issue writs of habeas corpus.

While plaintiff's petition for writ of prohibition is filed as an original action in this court, it seeks to prohibit the district court of Tulsa county as a judicial tribunal from trying a criminal action pending in that court. In fact, the plaintiff, Erwin L. Jeter, as defendant in the criminal action in the district court of Tulsa county, is asking this court to invade the appellate jurisdiction of the Criminal Court of Appeals in a criminal action, which by the Constitution is vested exclusively in the Criminal Court of Appeals. As has heretofore been pointed out, a plea of former jeopardy is a defense. Erwin L. Jeter, as defendant in the district court, may enter his plea of former jeopardy as one of his defenses. If the jury should find the facts against him under this defense, or the court rule against him on questions of law raised by this defense and a conviction be had, notwithstanding his plea of former jeopardy, he may invoke the appellate jurisdiction of the Criminal Court of Appeals to determine his rights under his plea of former jeopardy. This court would not

have jurisdiction to review any question raised by his plea of former jeopardy, because under said section 2, supra, of the Constitution, the Criminal Court of Appeals is vested with exclusive appellate jurisdiction in criminal cases. By plaintiff's application to this court for writ of prohibition, he is asking this court to pass upon and determine in advance the merits and sufficiency of his plea of former jeopardy. He seeks to have this court do indirectly what it cannot do directly. As has been pointed out, the district court of Tulsa county had jurisdiction of the defendant and jurisdiction to try the crime charged in the information, therefore this is an attempt, under the guise of an original action, to get this court to determine in advance a question that could be properly determined only on appeal. The district court of Tulsa county has original jurisdiction to determine the questions raised by the plea of former jeopardy and it is the court that should first determine it when presented as a defense.

The Supreme Court of the United States, in the case of Ex parte Crane, 5 Pet. 190, 8 L. Ed. 92, had before it the question of its right to issue a writ of mandamus. It was conceded that the Supreme Court of the United States had no original jurisdiction, but Chief Justice Marshall, in a well-reasoned opinion, held that a mandamus to an inferior court of the United States is in the nature of appellate jurisdiction. In State ex rel. Eubanks v. Cole, District Judge, 4 Okla. Cr. 25, 109 Pac. 736, in a carefully considered and well-reasoned case, Doyle, J., in defining the appellate jurisdiction of the Criminal Court of Appeals, said:

"Upon a careful consideration of the law, we are of the opinion that this court has the jurisdiction and power to issue a writ of mandamus where the same is a proper proceeding in a criminal case. As we view it, the proceeding in this case seeks only to invoke the exercise of the exclusive appellate jurisdiction of this court. This is a court of special jurisdiction, limited in the exercise of its powers exclusively to criminal cases, and it is undoubtedly true that, except in cases where under the law this court has original jurisdiction, all exercise of power in other cases must be in virtue of its appellate jurisdiction, and the writ of mandamus can be issued only in the exercise or in aid of its appellate authority. A mandamus to an inferior court is in the nature of appellate jurisdiction. The term 'appellate', in the constitutional phrase 'a Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases,' is not used in a

restricted sense, but in its broadest sense, as embracing the power and jurisdiction to review and correct the proceedings of inferior courts in criminal cases, brought before it for determination, in the manner provided by law. The statute prescribes the procedure by which such proceedings shall be brought before this court, and among the other modes prescribed the writ of mandamus may be a proper proceeding. Snyder's St. para. 2016, 6224. The Supreme Court of the United States, with a few enumerated exceptions, has the only appellate jurisdiction under the Constitution of the United States, and Congress has not the power to confer original jurisdiction on it. Consequently that court cannot ordinarily issue an original writ of mandamus. Marbury v. Madison, 1 Cranch, 137, 2 L. Ed. 60. However, the practice of issuing such writs as an exercise of its appellate jurisdiction * * * has been asserted and upheld in numerous cases."

That the Criminal Court of Appeals does not have jurisdiction to hear and determine an application for a writ of habeas corpus to relieve the applicant from the judgment of a court adjudging him guilty of a civil contempt has been decided in Ex. parte Bert Fowler, 3 Okla. Cr. 196, 105 Pac. 180. The third paragraph of the syllabus reads:

"The Criminal Court of Appeals, having no authority to review on error or appeal, the judgments of the district and county courts of the state in civil actions, will not review on habeas corpus the legality of the detention of a party to a civil action, who has been committed for a contempt of court, arising in said cause, where the petitioner avers he was denied the right of appeal, as such matters are properly within the jurisdiction of the Supreme Court in the exercise of its appellate jurisdiction in civil cases and its general superintending control over all inferior courts."

If the Criminal Court of Appeals does not have jurisdiction of a civil contempt, on application for a writ of habeas corpus, it would follow as sound logic, in view of the sections of the Constitution and statutes above referred to, that the Supreme Court would not have jurisdiction of a proceeding based upon a criminal prosecution, when the object sought to be obtained was to determine in advance questions that could be properly determined in the criminal action on appeal.

For the reasons stated, this court is without jurisdiction to issue the writ of prohibition, therefore it is denied.

PITCHFORD, V. C. J., and JOHNSON, ELTING, and KENNAMER, JJ., concur.