[Crim. No. 9713. In Bank. May 25, 1966.]

In re JOHN ELBERT WARD on Habeas Corpus.

John Elbert Ward, in pro. per., and Robert Carl Anderson, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Daniel J. Kremer, Deputy Attorneys General, for Respondent.

McCOMB, J.—Petition for a writ of habeas corpus.

In March 1945 petitioner, who was then serving in the Navy, was convicted of violating Penal Code sections in counts numbered, as follows: Count one—section 209 (kidnaping for robbery); count two—section 211 (first degree robbery); count three—section 211 (second degree robbery); count four—section 261 (rape); count five—section 209 (kidnaping for robbery); count six—section 211 (first degree robbery); count seven—section 220 (assault with intent to commit rape); count eight—section 211 (second degree robbery). In each instance, he was found also to have suffered a prior felony conviction.

The jury found that the victim of the kidnaping charged in count one of the information had suffered bodily harm, and petitioner was sentenced to life imprisonment without possibility of parole on that count[1] and to the terms prescribed by law on the remaining seven counts. The court ordered that the terms on counts one and five run concurrently and the terms on counts two, three, four, six, seven, and eight consecutively, but that the latter should, as a group, run concurrently with the term of imprisonment on the first and fifth counts and commence immediately.

Petitioner makes several contentions which an examination of the record discloses to be without merit, and no useful purpose would be served by discussing them. However, he contends, with merit, that he has been subjected to double punishment for the same act, in violation of section 654 of the Penal Code.[2]

---

[1] As a result of the 1951 amendment to section 209 of the Penal Code (Stats. 1951, ch. 1749, § 1, p. 4167), this sentence was modified to life imprisonment with possibility of parole.

[2] Section 654 of the Penal Code provides, in part: ''An act or omission which is made punishable in different ways by different provisions

■ Petitioner has waited 20 years to bring this contention before this court; but since the question is one of excessive punishment, it is a proper matter for us to consider on a writ of habeas corpus, despite his delay. (*In re Seeley,* 29 Cal.2d 294, 298 [176 P.2d 24].)

■ *Questions:* First. *Did the trial court improperly sentence petitioner for both kidnaping for the purpose of robbery, as charged in count one, and first degree robbery, as charged in count two?*

*Yes.* The evidence shows that on July 25, 1944, petitioner and another sailor, in order to obtain transportation to facilitate finding some female companions, required Mr. Harold Bass, at the point of a gun held by petitioner and a knife held by the other sailor, to drive them in his automobile through some of the streets of Oakland and then to relinquish control of the automobile to them. During the course of the drive, Mr. Bass' watch and $1.75 were taken from him. After petitioner took the wheel of the car, Mr. Bass was locked in the car trunk, but by the use of a tool which he found in the trunk he was finally able to unlock the trunk and escape.

As a result of the episode, petitioner was charged in count one of the information with kidnaping Mr. Bass for the purpose of robbery and in count two with first degree robbery for robbing Mr. Bass of his watch, automobile, and money. As indicated above, he was convicted and sentenced for both offenses.

Petitioner argues that the evidence shows that both the kidnaping and the robbery were committed in a continuous course of criminal conduct, in which his single objective was rape; that he is therefore punishable for only one offense; that since his objective was rape, the kidnaping he committed was simple kidnaping (Pen. Code, § 207) and not kidnaping for the purpose of robbery; and that since the punishment for first degree robbery is greater than the punishment for simple kidnaping, he should have been sentenced, with respect to the occurrences on July 25, 1944, only under count two.

The following rules are here applicable:

■ (1) Section 654 of the Penal Code prohibits the imposition of double punishment if either a single act or a course of criminal conduct engaged in with a single objective is charged

of this Code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.''

as the basis of multiple convictions. Under such circumstances, the defendant can be punished only for the more serious offense. (*Neal* v. *State of California,* 55 Cal.2d 11, 19-20 [9 Cal.Rptr. 607, 357 P.2d 839].)

(2) Whether a course of criminal conduct is divisible and consequently gives rise to more than one act within the meaning of section 654 of the Penal Code is determined by the intent and objective of the actor. (*Neal* v. *State of California, supra,* at p. 19 [22].)

(3) When a robbery occurs during a kidnaping, the crime becomes kidnaping for robbery from its beginning, whether or not the kidnaper originally intended to rob his victim. (*People* v. *Brown,* 29 Cal.2d 555, 558 [1] [176 P.2d 929].)

(4) Although section 654 of the Penal Code prohibits double punishment, it does not prohibit double conviction. If double punishment has been erroneously imposed, the appropriate procedure on appeal is to eliminate the effect of the judgment as to the lesser offense insofar as the penalty alone is concerned. (*People* v. *Hicks,* 63 Cal.2d 764, 765 [2, 3] [48 Cal.Rptr. 139, 408 P.2d 747] ; *People* v. *McFarland,* 58 Cal.2d 748, 762-763 [14, 15] [26 Cal.Rptr. 473, 376 P.2d 449].)

Under the above rules, even if petitioner had not intended to rob Mr. Bass when he first abducted him, the kidnaping became kidnaping for the purpose of robbery when he actually did rob him.

Furthermore, the evidence shows that when petitioner abducted Mr. Bass, he intended to deprive him of the use of his automobile. As a result of petitioner's action to effectuate his purpose, the automobile was taken from Mr. Bass' immediate presence, against his will, by means of force and fear ; hence the taking constituted robbery. (Pen. Code, § 211.) Under the circumstances, the kidnaping was incident to, and a means of perpetrating, the robbery.

The fact that petitioner may have intended to use Mr. Bass' automobile to find a female victim upon whom to commit rape is immaterial. The only intent of concern here is petitioner's intent with respect to the victim of the criminal acts with which he was charged.

The punishment for the offense of kidnaping for the purpose of robbery (Pen. Code, § 209) is greater than that for first degree robbery (Pen. Code, § 213). Petitioner should therefore be punished for the offense of kidnaping Mr. Bass but not for the offense of robbing him.

■ Second. *Did the trial court improperly sentence petitioner for rape, as charged in count four, kidnaping for the purpose of robbery, as charged in count five, and first degree robbery, as charged in count six?*

*Yes.* He should have been sentenced only for rape and kidnaping for the purpose of robbery.

The evidence shows that on July 29, 1944, petitioner accosted Joseph Coughlin and Sally Gilbert in a park, saying, "This is a holdup," and forced the pair, at the point of a gun, to walk some distance in the park. He then said that he did not want their money, that someone had just killed his buddy, and that he was going to kill every white sailor he saw. Mr. Coughlin was a white sailor. Petitioner nevertheless later robbed Miss Gilbert of her purse and $20. Afterward, he forced the couple to walk a further distance, and he then bound Mr. Coughlin and raped Miss Gilbert.

As a result of this episode, petitioner was charged in count four of the information with the rape of Miss Gilbert, in count five with kidnaping her for the purpose of robbery, and in count six with first degree robbery. He was convicted of all three offenses and sentenced for each.

Petitioner contends that the evidence shows that the kidnaping, the robbery, and the rape were committed in a continuous course of criminal conduct, in which his single objective was rape; that he is therefore punishable for only one offense; that since his objective was rape, he was guilty of simple kidnaping rather than kidnaping for the purpose of robbery; and that since the punishment for first degree robbery is greater than the punishment for either rape or simple kidnaping, he should have been sentenced only under count six with respect to the occurrences on July 29, 1944.

The People contend that since petitioner indicated after the kidnaping commenced that he did not intend to commit robbery, the robbery thereafter committed was a separable offense, and he is therefore punishable for both kidnaping for the purpose of robbery and robbery, and that since the evidence shows that petitioner did not formulate the intent to rape Miss Gilbert until after the robbery, he is also punishable for rape.

Under the rules hereinabove stated, where a robbery is committed during the course of a kidnaping the crime becomes kidnaping for the purpose of robbery from the beginning, regardless of the kidnaper's intention.

In the present case, petitioner actually announced at the time he accosted Mr. Coughlin and Miss Gilbert in the park

that he intended to commit a robbery. Although after putting them in fear by means of his gun, he may have wavered in such objective, petitioner did not remove the gun, but held the two in fear until he had followed through on his initial intent.

His conduct, therefore, with respect to the kidnaping and the robbery, did not comprise a divisible transaction, and it would appear that both offenses were incident to the objective he expressed when the kidnaping began.

Under the circumstances, petitioner cannot be punished for both kidnaping for the purpose of robbery and robbery as a result of his criminal conduct toward Miss Gilbert. Since, as hereinabove indicated, kidnaping for the purpose of robbery is the more serious offense, petitioner's sentence on the robbery charged under count six should be set aside.

Miss Gilbert, after relating details of the kidnaping and robbery, testified: "At the time I recollect stating I did ask him if I could sit down. I was ill at the time, and he made a remark, he says lady I am not going to hurt you, he says you don't have to be afraid, he says it is the sailor that I am going to go after. He put it in these words, he says it's you, referring to Mr. Coughlin."

Accordingly, it appears that petitioner did not formulate the intent to rape Miss Gilbert until after he had taken her purse and money. As a result, the offense of rape is separately punishable. (*People* v. *Fields,* 190 Cal.App.2d 515, 518 [12 Cal.Rptr. 249].)

■ Third. *Did the trial court properly order that the terms under counts two, three, four, six, seven, and eight be consecutive as to one another?*

*No.* Section 669 of the Penal Code requires that all sentences be merged into an express life term.[3] As a result, since petitioner was given a term of life imprisonment on count one, the court should not have ordered that the terms on any of the other counts be consecutive. (*People* v. *Morrison,* 212 Cal.App. 2d 33, 37-38 [4, 5] [27 Cal.Rptr. 828].)

■ Fourth. *Is the rule announced in Escobedo* v. *Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977], and *People* v.

---

[3]Section 669 of the Penal Code provides, in part: "When any person is convicted of two or more crimes . . . if the punishment for any of said crimes is expressly prescribed to be life imprisonment, whether with or without possibility of parole, then the terms of imprisonment on the other convictions, whether prior or subsequent, shall be merged and run concurrently with such life term."

*Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], *applicable?*

*No.* The rule relative to the necessity of advising a defendant of his right to remain silent and his right to have counsel, as set forth in the *Escobedo* and *Dorado* cases, will not prevail on collateral attack to overturn a judgment which, as in the present case, became final before the decisions in those cases were rendered. (*In re Dick, ante,* pp. 272, 277 [3] [49 Cal.Rptr. 673, 411 P.2d 561]; *In re Lopez,* 62 Cal.2d 368, 372 [1, 2] [42 Cal.Rptr. 188, 398 P.2d 380].)

The writ is granted and the Superior Court of Alameda County is directed to modify its judgment to eliminate the punishment ordered on counts two and six and the direction that the terms on counts three, four, seven, and eight shall run consecutively one to the other. In all other respects, the writ is denied.

Traynor, C. J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.