[Crim. No. 10075.   In Bank.   Mar. 10, 1967.]

In re JAKE W. PRATT on Habeas Corpus.

Jake W. Pratt, in pro. per., Gerald Z. Marer, under appointment by the Supreme Court, and Long & Levit for Petitioner.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and Derald E. Granberg, Deputy Attorney General, for Respondent.

McCOMB, J.—Petition for a writ of habeas corpus.

*Facts*: February 9, 1961, the District Attorney of Los Angeles County filed an information charging petitioner and a codefendant with one count of robbery (Pen. Code, § 211) and one count of kidnaping for the purpose of robbery (Pen. Code, § 209).

May 4, 1961, a trial jury found petitioner and his codefendant guilty as charged in both counts, designating the robbery as robbery of the first degree, and found that the allegation that petitioner was armed at the time of the commission of the offense was true.

May 31, 1961, petitioner was placed on probation for five years on the condition he spend the first 280 days in the county jail.

November 4, 1963, petitioner was found to be in violation of probation. His probation was revoked, and he was sentenced to state prison, with the sentences on both counts ordered to run concurrently.

The incident upon which petitioner's convictions are based occurred at a service station of the United Oil Company located at 1340 East Imperial Highway, Los Angeles, on January 7, 1961.

About 3:30 a.m. on that date, petitioner and his codefendant confronted the attendant on duty at the service station. Petitioner, who was armed with a pistol, grabbed the attendant's jacket, placed the gun against his back, and ordered the attendant to accompany him. He then took the attendant from the area of the station where the service islands were located to the men's room 50 to 70 feet distant, where he remained with him.

Later, petitioner's codefendant came in and took the attendant's coin changer from him. Petitioner then emptied the attendant's pockets and ordered him to lie down on the floor. Petitioner and his codefendant took about $175 from the attendant. Afterwards, they left him lying on the floor in the men's room. The entire incident took six or seven minutes.

QUESTION: *Was petitioner punishable for both robbery and kidnaping for the purpose of robbery?*

*No.* The following rules are here applicable:

■ (1) Section 654 of the Penal Code prohibits the imposition of double punishment if either a single act or a course of criminal conduct engaged in with a single objective is charged as the basis of multiple convictions. Under such circumstances, the defendant can be punished only for the more serious offense. (*In re Ward*, 64 Cal.2d 672, 675-676 [3] [51 Cal.Rptr. 272, 414 P.2d 400].)

■ (2) Whether a course of criminal conduct is divisible and consequently gives rise to more than one act within the meaning of section 654 of the Penal Code is determined by the intent and objective of the actor. (*In re Ward, supra,* 64 Cal.2d 672, 676 [4].)

■ (3) Although section 654 of the Penal Code prohibits double punishment, it does not prohibit double conviction. If double punishment has been erroneously imposed, the appropriate procedure on appeal is to eliminate the effect of the

judgment as to the lesser offense insofar as the penalty alone is concerned. (*In re Ward, supra,* 64 Cal.2d 672, 676 [6].)

    (4) Where a defendant has been convicted of more than one offense based on one act or indivisible transaction, he is subjected to the proscribed double punishment if he is sentenced for each offense, even though the sentences are made to run concurrently. (*In re Wright,* 65 Cal.2d 650 [56 Cal. Rptr. 110, 422 P.2d 998].)

    Under the facts in the present case, it is clear that petitioner had the single objective of robbery when he engaged in the criminal conduct with which he was charged. As a result, he cannot be punished for both robbery and kidnaping for the purpose of robbery.

Since the punishment for the offense of kidnaping for the purpose of robbery is greater than that for robbery, petitioner should be punished for the former offense but not for the latter.

Accordingly, the sentence for robbery is set aside. Petitioner is not entitled to release, since he is held under another valid judgment of conviction. The order to show cause is therefore discharged, and the petition for a writ of habeas corpus is denied.

Traynor, C. J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Peek, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.