[Crim. No. 10383.   In Bank.   Mar. 22, 1967.]

In re JOSEPH L. MALLOY on Habeas Corpus.

Joseph L. Malloy, in pro. per., and Robert Carl Anderson, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Daniel J. Kremer, Deputy Attorneys General, for Respondent.

McCOMB, J.—Petition for writ of habeas corpus.

*Facts*: On March 20, 1964, an information was filed in San Francisco Superior Court charging petitioner with the robbery of Sam Jevarian on or about February 17, 1964. The information alleged that petitioner had been armed with a deadly weapon at the time of the commission of the offense and that he had suffered two prior convictions for felony, an attempted sex crime on a government reservation in 1951, and two counts of robbery and two counts of kidnaping for the purpose of robbery in 1952.

On March 22, 1964, petitioner, represented by the public defender, pleaded not guilty to the crime of robbery and admitted the alleged prior convictions.

On April 24, 1964, the jury found petitioner guilty of robbery in the first degree and found that he had been armed with a deadly weapon as charged in the information. Petitioner waived a probation report, and judgment and sentence were pronounced against him ordering him to the state prison for

the term prescribed by law, the sentences to run concurrently with any prior incompleted terms. No appeal was taken from the judgment.

Petitioner was received at the California State Prison at Vacaville on April 28, 1964, under the above-stated robbery sentence and as a parole violator.

On April 20, 1965, he filed an application for writ of error *coram nobis* in the superior court, contending that evidence introduced at his 1964 trial was the product of an unlawful search and seizure.

On April 28, 1965, the superior court ruled that petitioner had not ". . . presented adequate factual allegations supporting a prima facie case for Coram Nobis. . . ."

On May 6, 1965, petitioner filed a notice of appeal from the superior court's order.

On August 6, 1965, petitioner filed a petition for a writ of habeas corpus in this court, alleging that he was denied counsel to assist him in prosecuting his appeal in the Court of Appeal. We denied the petition on August 25, 1965. On January 24, 1966, the Court of Appeal, First Appellate District, dismissed the appeal.

■ ■*Questions*: First. *Is petitioner entitled to a writ of habeas corpus because of his allegation regarding the disclosure of his prior convictions at the time of his trials?*

*No.* Petitioner contends that in both the 1952 and 1964 trials the court committed prejudicial error by reading an information alleging prior convictions to the jury at the outset of the trial after petitioner had admitted the prior convictions. The information in the 1952 case charged no prior convictions, and none was found. The 1964 information alleged two prior convictions but the minutes of that trial do not show whether they were read to the jury. In any event habeas corpus does not lie to review the claimed error for it presents no question of jurisdiction or fundamental importance. (See *In re Mitchell,* 56 Cal.2d 667, 671 [5] [16 Cal.Rptr. 281, 365 P.2d 177]; *In re Dixon,* 41 Cal.2d 756, 759 [1] [264 P.2d 513].)

■ Second. *Was petitioner denied the right to confront prosecution witnesses?*

*No.* Petitioner contends that he was denied the right to confront the witnesses against him at his 1964 trial because three witnesses who testified at the trial had not testified at the preliminary examination. In support of this contention he cites *Douglas* v. *Alabama,* 380 U.S. 415 [13 L.Ed.2d 934, 85 S.Ct.

1074]. The *Douglas* case and *Pointer* v. *Texas*, 380 U.S. 400 [13 L.Ed.2d 923, 85 S.Ct. 1065], hold only that the confrontation clause of the Sixth Amendment to the federal Constitution applies to the states and that an accused will be afforded the right to confront and cross-examine witnesses against him at some point during the criminal proceeding. Nothing in those cases intimates that in order to testify at a trial a prosecution witness must first have ''qualified'' by testifying at the preliminary examination.

The record shows that petitioner was represented by counsel throughout the 1964 trial. Thus he was afforded the opportunity to conduct a meaningful cross-examination of the witnesses against him.

■ Third. *Will habeas corpus lie to determine whether a gun introduced in evidence at the 1964 trial was the product of an unlawful search and seizure?*

*No.* It is settled that habeas corpus is not available to challenge the receipt of evidence allegedly obtained by an unconstitutional search and seizure. (*In re Wright,* 65 Cal.2d 650, 652 [1] [56 Cal.Rptr. 110, 422 P.2d 998]; *In re Sterling,* 63 Cal.2d 486, 487 [1] [47 Cal.Rptr. 205, 407 P.2d 5]; *In re Lessard,* 62 Cal.2d 497, 503 [2] [42 Cal.Rptr. 583, 399 P.2d 39].)

■ Fourth. *Is petitioner entitled to habeas corpus because of his claims that he was denied (a) court-appointed counsel to assist him in his appeal from the denial of a meritless petition for writ of error coram nobis, and (b) a transcript of the proceedings relative to the writ of error coram nobis and transcripts of the trials that resulted in the judgments here attacked?*

*No.* (a) Petitioner contends that the Court of Appeal erroneously refused to appoint counsel to assist him in his appeal from the superior court's denial of his petition for writ of error *coram nobis.* The record indicates that in considering the petition the trial judge followed the rules formulated by this court in *People* v. *Shipman,* 62 Cal.2d 226 [42 Cal.Rptr. 1, 397 P.2d 993]. He determined that a prima facie case had not been stated and accordingly denied a hearing and counsel. It was likewise proper to refuse counsel on appeal. (*People* v. *Shipman, supra,* at p. 232 [12].)

(b) Petitioner also contends that he was denied an adequate transcript on appeal and complains that his requests for records of his trials were refused. It appears from the record before this court that the clerk's and reporter's tran-

scripts of the *coram nobis* proceedings are complete and adequate. Petitioner has shown no need for the trial transcripts. (See *United States* v. *Glass* (4th Cir. 1963) 317 F.2d 200; *United States* v. *Shoaf* (4th Cir. 1964) 341 F.2d 832, 835; see also *In re Marvich,* 27 Cal.2d 503, 517 [4] [165 P.2d 241]; cf. *Banks* v. *United States* (9th Cir. 1957) 249 F.2d 672.)

■ Fifth. *Was petitioner subjected to multiple punishment proscribed by section 654 of the Penal Code[1] when he was sentenced to concurrent terms for robbery and kidnaping for the purpose of robbery in 1952?*

*Yes.* The transcript of the preliminary hearing indicates that the conviction arose out of two separate incidents in San Francisco. On April 20, 1952, petitioner and his codefendant, armed with a pistol and razor, accosted Henry Osan as he was about to put his car in a garage. They forced him into his car and drove him to Golden Gate Park. On the way, they took his money and wrist watch. In a secluded part of the park they tied him up, fleeced his pockets of incidentals, and pushed him into some shrubs. They then drove away in his car.

The other incident involved essentially the same method of operation carried out against Arthur Wilson a day earlier. As a result, petitioner was charged in counts one and three of the information with the robberies of Mr. Osan and Mr. Wilson, and in counts two and four with the kidnaping of each victim. He was convicted on all four counts, and the court ordered the sentences on counts two, three and four to run concurrently, one with the other, and to run concurrently with the sentence imposed on count one. In each instance, the kidnaping was part of an indivisible course of conduct directed to the objective of robbing the victim. Thus, petitioner should not be punished for both robbery and kidnaping. (*In re Wright, supra,* 65 Cal.2d 650, 656 [6]; *In re Ward,* 64 Cal.2d 672, 675-676 [2a, 2b] [51 Cal.Rptr. 272, 414 P.2d 400].)

Of the two sentences imposed on petitioner for one course of criminal conduct in 1952, the sentences for robbery of each victim should be eliminated because they are less severe than those for kidnaping for the purpose of robbery. The sentences for the robberies are set aside. Petitioner is not entitled to

[1]Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; . . ."

release since he is being held under other valid judgments of conviction.

The order to show cause is discharged and the petition for a writ of habeas corpus denied.

Traynor, C. J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Peek, J.,* concurred.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.