**David Lee HOUSEHOLDER, Petitioner,**

v.

**Fenton R. RAMEY, District Judge of Canadian County, Oklahoma, Respondent.**

**No. A–16313.**

Court of Criminal Appeals of Oklahoma.

May 12, 1971.

Richard D. Strubhar, Yukon, for petitioner.

Virgil R. Ball, Dist. Atty., Canadian County, for respondent.

NIX, Judge:

This is an original proceeding for a Writ of Prohibition to prohibit the respon-

dent from bringing petitioner to trial in the District Court of Canadian County, Case No. CRF–69–389, on a charge of First Degree Rape. Petitioner contends that his conviction for kidnapping for purpose of extorting thing of value, arising out of the same incident as the rape, is a bar to prosecution on the rape charge.

The charges arise from the events on August 29, 1969, when the prosecutrix, acting in her capacity as a real estate broker, was showing the petitioner a "for sale" house in Oklahoma County. While in an empty house petitioner struck prosecutrix, bound her feet and hands, blindfolded her, and placed her in the trunk of his car. He then drove away and after awhile she was removed from the trunk and raped. She remained blindfolded until shortly after her attacker left when she received assistance from persons passing by. Prosecutrix was located in Canadian County, just across the county line from Oklahoma County. Since the rape act occurred where she was found, petitioner was charged with first degree rape in Canadian County. He was tried on this charge, but the jury was unable to reach a verdict.

■ Petitioner was then tried and convicted in Oklahoma County, Case No. CRF–69–2149, for "kidnapping for purpose of extorting thing of value or advantage" in violation of 21 O.S.1961, § 745. Under § 745, a "thing of value or advantage" includes a woman's chastity and thus kidnapping for the purpose of rape is punishable under this statute. Phillips v. State, Okl. Cr., 267 P.2d 167 (1954). The evidence in the kidnapping trial established the kidnap and the rape as the purpose of the kidnapping.

Title 21, O.S.Supp.1970, § 11, provides in relevant part:

"An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, except that in cases specified in §§ 51 and 54, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can he be punished under more than one * * *."

■ Thus, a single criminal act which incidentally violates more than one statutory provision may be punished only once. Shackelford v. State, Okl.Cr., 481 P.2d 163 (February 10, 1971). Whether a criminal incident or act is divisible and consequently gives rise to more than one act is determined by the intent and objective of the actor.

In People v. Failla, 64 Cal.2d 560, 51 Cal.Rptr. 103, 414 P.2d 39 (1966), the California Supreme Court under an identical statute to 21 O.S.Supp., § 11, held:

"Here, as in those cases, defendant's course of conduct after he first accosted his victim comprised an 'indivisible transaction'; i. e., the technical kidnapping of his victim was intended merely to take her out of the presence of her roommate so that he could pursue his sexual purposes in the adjoining room without fear of interruption. Accordingly, both the kidnapping and the sexual misconduct were 'incident to one objective,' and double punishment therefor would be prohibited." 51 Cal.Rptr. at 110, 414 P.2d at 46.

Where kidnapping is merely the means to a criminal objective only one conviction is permissible. In the case of In re Pratt, 66 Cal.2d 154, 56 Cal.Rptr. 895, 424 P.2d 335 (1967), it was held:

"Under the facts in the present case, it is clear that petitioner had the single objective of robbery when he engaged in the criminal conduct with which he was charged. As a result, he cannot be punished for both robbery and kidnapping for the purpose of robbery." 56 Cal. Rptr. at 897, 424 P.2d at 337.

Likewise, In re Malloy, 66 Cal.2d 252, 57 Cal.Rptr. 345, 424 P.2d 929 (1967), held:

"[T]he kidnapping was part of an indivisible course of conduct directed to the objective of robbing the victim. Thus, petitioner should not be punished for both robbery and kidnapping." 57 Cal. Rptr. at 347–348, 424 P.2d at 931.

■ In the instant case, petitioner was convicted for kidnapping for the purpose of rape. The objective was rape, and the kidnapping incident to that objective. Thus, it was an indivisible act which forms the basis for only one conviction.

Aside from preclusion of multiple punishment under 21 O.S.Supp.1970, § 11, the Oklahoma Constitution, Article II, § 21, prohibits twice putting a defendant in jeopardy for the same offense. This does not mean the same offense eo nomine, but the same criminal act, transaction, or omission. Estep v. State, 11 Okl.Cr. 103, 143 P. 64 (1914).

The familiar rule of this jurisdiction was re-stated in Heldenbrand v. Mills, Okl.Cr., 476 P.2d 375 (1970):

"A series of criminal charges cannot, under our system of jurisprudence, be based upon the same criminal act or transaction; a single criminal act cannot be split up or subdivided into two or more distinct offenses and prosecuted as such."

In the *Heldenbrand* decision, we noted the holding of the United States Supreme Court in Ex parte Nielsen, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118:

"[W]here, as in this case, a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense."

In Walton v. State, 448 S.W.2d 690 (Tenn.Cr.1969), the defendant was convicted of assault and battery with intent to rape, and burglary in the first degree with intent to have unlawful carnal knowledge. The Tennessee Court of Criminal Appeals reversed and dismissed the burglary conviction, holding:

" * * * we feel that the conviction of one is a bar to the conviction of the other. We find that these offenses were committed at the same time and are parts of a single continuing criminal act, inspired by the same criminal intent

which is essential to each offense, and that they are susceptible to but one punishment." 448 S.W.2d at 696.

Again in the instant case the state has proven defendant kidnapped prosecutrix for the purpose of rape. If defendant had kidnapped the prosecutrix for some other purpose where the rape was not an incident essential to the crime proven it would be a different situation and decision. Thus, where, as in this case, the defendant is convicted of kidnapping for the purpose of rape, he cannot be tried for rape which is an incident included in his conviction without being twice put in jeopardy for the same offense.

Respondent is therefore directed to dismiss Canadian County Case No. CRF–69–389 charging petitioner with first degree rape.

Writ granted.

BRETT, J., specially concurs.

BUSSEY, P. J., dissented and filed opinion.

BRETT, Judge (specially concurring).

I concur in this decision, that the writ of prohibition should issue, essentially for the reason that the proper administration of justice requires that it issue. This Court may take judicial notice of other records before it; and in doing so, the record of trial for the kidnapping conviction in Oklahoma County has been reviewed. The informations in both charges, i. e., Rape in Canadian County, and Kidnapping for Purpose of Extorting a Thing of Value in Oklahoma County, list the same witnesses. Consequently, it seems logical that the same identical evidence and testimony was used in both trials.

The statement of Judge Bussey in his dissent is also correct. Kidnapping and Rape are separate offenses; but I disagree with him to the extent that under the facts of these cases this petitioner cannot be tried for these two separate offenses.

The object of petitioner's misconduct was the commission of rape; hence, the

kidnapping was carried forward to accomplish that purpose. Under these facts, numerous other crimes could be carved out of the circumstances, if it were legal, but the Oklahoma Constitution and Statutes prohibit such carving.

As early as 1914, in Estep v. State, 11 Okl.Cr. 103, 143 P. 64, Judge Doyle wrote:

"To make the offenses the same, the informations need not be identical in language. The name of the offense in the two informations may differ, and within our constitutional guaranty the offenses be the same."

In *Estep, supra*, the charge pertained to maintaining a place where liquors were dispensed in violation of the statutes; and the defendant had been earlier acquitted on an information for the same offense covering a different period of time; however, some of the same dates were shown on the second information; and therefore, a plea of former jeopardy had been entered. This Court stated, quoting from Wharton on Criminal Procedure:

"A continuing offense is a transaction or a series of acts set on foot by a single impulse, and operated by an unintermittent force, no matter how long a time it may occupy."

Later the Court provided:

"A series of criminal charges cannot, under our system of jurisprudence, be based upon the same criminal act or transaction; a single criminal act cannot be split up or subdivided into two or more distinct offenses and prosecuted as such. If the state elects, through its authorized officers, to prosecute an offense in one of its phases or aspects, and upon his trial the defendant is acquitted by a jury, it cannot afterwards prosecute the same criminal act or series of acts under color of another name. The state will not be permitted to split or divide up an offense into divers parts, and punish each moiety."

\*   \*   \*   \*   \*   \*

"To give our constitutional provision the force evidently intended by the language used, and to render it effectual, the decisive test is *whether the same testimony will support both charges*." (Emphasis added)

There appears to be little doubt but that the testimony in both of petitioner's trials was the same. Admittedly petitioner did not obtain an acquittal on the rape charge, but he was granted a mistrial because of a hung jury. The State is attempting to proceed again on that charge. It is interesting to note concerning the claim of "rape", in the record of the kidnapping trial, the doctor who examined the prosecuting witness testified that there was no medical evidence to show that the woman had been subjected to sexual intercourse. Notwithstanding the other reasons stated, in face of that type of evidence, the proper administration of justice seems to demand that the taxpayers be spared the expense of a second trial for rape, if for no other reason.

I concur in the issuance of the writ of prohibition as to District Court of Canadian County, Case No. CRF–69–389.

BUSSEY, Presiding Judge (dissenting):

I respectfully dissent for the reason that I am of the opinion that the crime of Kidnapping and Rape are separate, distinct offenses, and that the defendant can properly be convicted.