Donald STOCKTON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17307.

Court of Criminal Appeals of Oklahoma.

April 12, 1973.

L. G. Hawkins, Sapulpa, and Elmore Page, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Frank Muret, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

This is an appeal from a denial of post-conviction relief in the District Court of Creek County, Case No. 5090–C. Petitioner, hereinafter referred to as defendant, was charged in the District Court of Creek County with the crime of Rape and was subsequently charged with the offense of Kidnapping in the District Court of Tulsa County, Oklahoma, said kidnapping and rape arising out of the same incident. Defendant, being represented by counsel, entered a voluntary plea of guilty in the District Court of Tulsa County for the crime of Kidnapping on February 25, 1964, and was sentenced to a term in the state penitentiary for not less than fifteen (15)

years and not more than life. Defendant was tried before a jury in Creek County for Rape and was convicted and sentenced to a term of ninety-nine (99) years on April 3, 1964.

Defendant subsequently filed his application for post-conviction relief in the District Court of Creek County and an evidentiary hearing was held on February 2, 1972, at which time defendant was represented by counsel. At the conclusion of said evidentiary hearing and after argument of counsel, the trial court made essentially the following findings of fact and conclusions of law:

1. Defendant was herein convicted upon jury trial of the crime of Rape in the First Degree on April 2, 1964, according to the record herein which conviction was sustained on appeal, and there has been no evidence to the contrary introduced at the hearing for Post-Conviction Relief.

2. The record reflects that defendant was represented by counsel from the date of his first appearance in court and thereafter at every appearance, and no evidence was submitted to the contrary.

3. No evidence was presented in the hearing of Post-Conviction Relief in support of defendant's contention that had his case been properly briefed and prepared on appeal the Court of Criminal Appeals would have seen fit to reverse the conviction and remand same for new trial.

4. That the record of the trial reflects that no lengthy explanation of parole eligibility was in fact given, and no evidence has been introduced at the hearing for Post-Conviction Relief in support of defendant's contention that the trial court committed fundamental and basic error in that the trial court went into a lengthy explanation to the jury of the eligibility of parole if defendant served approximately one-third of his time and the procedure followed by the Pardon and Parole Board.

5. That defendant's contention that the conviction for rape in Creek County constitutes double punishment under the laws of the State of Oklahoma in that defendant prior to the conviction for rape had entered a plea of guilty to a kidnapping charge in the District Court of Tulsa County, Oklahoma, on February 25, 1964, and that said kidnapping was in fact for the purpose of accomplishing said rape and is without merit in that the purpose of the aforementioned kidnapping was not for the purpose of the rape for which defendant was herein convicted. There is no evidence before the court in this hearing for Post-Conviction Relief that the evidence in the trial of this rape case indicated that the purpose of the kidnapping in Tulsa County was actually for the purpose of rape in Creek County, nor does the evidence in this hearing for Post-Conviction Relief indicate where the intention to commit this rape took place. Furthermore, there has been no evidence at this Post-Conviction hearing as to where this particular defendant's, Donald Stockton, intent to commit this rape originated. For this reason, as far as this crime is concerned, the kidnapping in Tulsa County and the rape alleged in this case for which defendant was convicted are two separate crimes so far as the record is concerned now.

The trial court, based upon said findings of fact and conclusions of law, denied defendant's application from which final order defendant perfected this appeal.

■ Defendant argues that the kidnapping and the rape arose out of the same criminal transaction; and, therefore, defendant is suffering double punishment in violation of 21 O.S.1971, § 11. Defendant further contends in his second proposition that defendant has twice been put in jeopardy of life or liberty for the same offense in violation of Article II, § 21 of the Oklahoma Constitution.

The State argues that kidnapping and rape constitute two separate crimes for

which defendant may be lawfully charged, tried and convicted since the proof required to establish a prima facie case in each instance are dissimilar. With this contention this Court agrees. The elements of the kidnapping could be eliminated and the rape conviction would stand, and the elements of the actual rape could be eliminated and the kidnapping conviction would stand.

In the case of Williams v. State, Okl.Cr., 321 P.2d 990, 79 S.Ct. 421, 358 U.S. 576, 3 L.Ed.2d 516, this Court and the United States Supreme Court affirmed the kidnapping conviction of a defendant subsequent to his conviction for murder arising out of the same transaction. In affirming said conviction this Court held as follows:

"* * * [T]he law defines murder and kidnapping as two separate and distinct offenses. Therefore, there would not be such thing as merger of these separate offenses. Furthermore, Oklahoma does not recognize such doctrine. [Citations omitted.] It is further urged these crimes arise out of the same transaction; but such fact will not result in a merger of these separate and distinct offenses. [Citation omitted.] Although certain consequences may follow from certain prohibited acts, but are not necessarily the result of such prohibited acts, each of said acts may be prosecuted and punished as separate and distinct offenses, when so defined by statute. In such case, the punishment imposed would not constitute double punishment. * * *"

In the recent case of Starnes v. State, Okl.Cr., 507 P.2d 920, this Court citing Callins v. State, Okl.Cr., 492 P.2d 1133, held:

"The offenses of armed robbery and rape are separate, distinct offenses; the elements of armed robbery and those of rape in the first degree are quite dissimilar. In the recent case of Tucker v. State, Okl.Cr., 481 P.2d 167, we stated:

'We are of the opinion that the fact the crimes were committed in rapid succession does not negate the ultimate fact that separate crimes were committed. To hold otherwise would open the door for persons to commit any number of crimes simultaneously, knowing they could only be punished for one.' "

■ In the instant case, the kidnapping information alleged that defendant kidnapped the victim "with the unlawful and felonious intent and purpose then and there on the part of said defendant that she be carried and transported out of Tulsa County Oklahoma to a place in Creek County Oklahoma and held against her will and at the same time while overcoming her resistance by force, said defendants were seeking an advantage from said * * * to have carnal knowledge for the purpose of violating her chastity and virtue". However, the requirement of specific intent to seek carnal knowledge in the kidnapping charge does not merge the two offenses, and the elements of the two offenses maintain sufficient independent characteristics to retain their status as separate and distinct crimes. The true test of making double jeopardy a ban is whether the evidence necessary to support a second information would be sufficient to pronounce a legal conviction on the first. Jackson v. State, 11 Okl.Cr. 523, 148 P. 1058. In the instant case the test fails, and a plea of double jeoprardy will not be sustained. Kidnapping and rape are two separate offenses. The defendant's first and second propositions are, therefore, without merit.

Defendant contends that the instant case is directly in point with the recent case of Householder v. Ramey, Okl.Cr., 485 P.2d 247, which holds that where a defendant was convicted of kidnapping for purpose of extorting a thing of value, namely rape of the victim, he could not be tried separately for the rape which is an incident included within the crime for which he was convicted. The facts in *Householder* and the instant case are essentially identical. Therefore, for the reasons set out above,

Householder v. Ramey, *supra*, is specific-ally overruled.

■ Defendant's final contention is that defendant was denied a fair and impartial trial when the trial judge explained the parole procedure to the jury. The record reflects that after the jury had retired to deliberate, the foreman of the jury asked the court to explain how much time was required to be served before defendant would be eligible for parole. The court, after conferring with the prosecutor and defense counsel, and without objection of defense counsel, made the following explanation to the jury:

"THE COURT: Ordinarily this is a question that I couldn't answer, but the attorneys have agreed that I could tell you in this manner. I might state before I do, as a matter of fact, your verdict, such as it might be expected to be made without this information; however, I will tell you that the rule in Oklahoma is this; that ordinarily the use of the expression 'eligibility for parole' is sort of a misnomer; a person who has served ⅓ of his sentence comes up on an automatic parole docket for hearing. This doesn't mean that he will be paroled at the time that he comes up at the hearing for parole, nor does this compulsory docket on each person's case for parole hearing restrict the parole board from granting a hearing prior to that time. So that in effect the question of when a person is eligible for parole as such is a matter that is squarely in the discretion of the Pardon and Parole Board. If they determine that he is eligible for parole at any time they are the ones that recommend the parole to the Governor's office. The Governor's office has the final say so whether he is finally paroled or not, but can't do so without the recommendation of the Pardon and Parole Board. So that any person under our present system is in a sense eligible to be paroled, if the Pardon and Parole Board determines that he should be; his eligibility for parole is for them to determine;

the time when it might occur is also for them to determine. There is a lot of misinformation about it, but in any event, a person comes up for parole hearing at the end of ⅓ of his sentence, where the sentence is fixed at a definite time. Now, where the sentence is a life sentence that same compulsory docketing takes place at the end of 16 years, if he has not been paroled prior to that time, which he may be, if the Pardon and Parole Board determines that he is eligible for the same. Now, then, that covers everything but—you all come up here a minute. (Out of hearing of jury) That covers anything but the indeterminate sentence law, that wasn't given to them. I believe this covers every eventuality that could occur in a case of this type. Is there any further question that I can answer at this time?"

If defense counsel had objected to any explanation of the parole procedure, the above oral explanation by the trial court would constitute reversible error. French v. State, Okl.Cr., 397 P.2d 909. However, defense counsel made no objection. In fact, the record reflects that defense counsel and the prosecutor stipulated that the trial court's proposed answer was a correct statement of the law. This amounts to a waiver of any objection on appeal by defendant. However, we are of the opinion that the error, in the interest of justice, requires that the judgment and sentence be reduced from ninety-nine (99) years to forty-five (45) years, and as so modified, the judgment and sentence appealed from is affirmed. Modifed and affirmed.

BUSSEY, J., concurs.

BRETT, J., dissents.

BRETT, Justice (dissenting).

I must respectfully dissent.

It would appear that the majority opinion reaches an unwarranted conclusion as the jeopardy issue is precluded by the defendant's failure to make a timely assertion of this claim. Defendant entered a plea of

guilty to the charge of kidnapping on February 25, 1964. Subsequently, he was tried on the charge of rape and convicted of such on April 3, 1964. Since the defendant did not raise a jeopardy plea at the subsequent trial on the rape charge, claiming the kidnapping conviction was a jeopardy bar, he waived that defense and cannot complain at this late date. Ex parte Zeligson, 47 Okl.Cr. 45, 287 P. 731 (1930). Jeter v. District Court, 87 Okl. 3, 206 P. 831 (1922). 22 O.S.1971, § 515 and § 522. Thus, the majority opinion's conclusion on the merits of the jeopardy question is inappropriate.

Furthermore, the majority in a discussion of double jeopardy, concludes that Householder v. Ramey, supra, must be overruled. However, *Householder* was not decided on the basis of double jeopardy, but was based on the statutory prohibition contained in 21 O.S.1971, § 11. That statute, Section 11, provides in relevant part that "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions . . . but in no case can he be punished under more than one . . . . "

In view of this statutory provision, Householder v. Ramey, supra, held that "where defendant is convicted of kidnapping for purpose of extorting thing of value, being rape of the victim, he cannot be tried separately for the rape which is an incident included within the crime for which he was convicted." 485 P.2d at 247. Since Householder had been convicted for kidnapping for the purpose of rape under 21 O.S.1971, § 745, it was concluded that he could not subsequently be tried again for the same rape, which was an essential incident in his conviction for kidnapping for the purpose of rape.

The simplistic analysis that rape and kidnapping are different offenses is deceiving. Of course they are different offenses designed to meet different criminal acts. But if there is but one essential criminal transaction, which incidentally violates more than one statutory prohibition, that criminal action can be punished only once un-

der the statutory requirements of Section 11. If a man kidnaps his victim for the purpose of rape, and is convicted of such, it cannot reasonably be said that the rape and kidnapping are separate offenses.

It is not apparent from the scanty facts presented in this case if the rape was an included incident in the kidnapping. If so, Section 11 would have been a proper defense if timely raised. On the other hand, if the rape was sufficiently separated from the kidnapping so that it was not an included element, Section 11 would be inappropriate. See: People v. Failla, 64 Cal.2d 560, 414 P.2d 39 (1966 Cal.) and In re Malloy, 66 Cal.2d 252, 424 P.2d 929 (1967 Cal.). Such a determination would depend on a close review of the facts, which was not done in the majority opinion. Such a determination is not always easy, but we should not shrink from our judicial duty.

The apparent result of the majority opinion in overruling Householder v. Ramey, supra, is to judicially repeal 21 O.S. 1971, § 11, without constitutional basis to do so. In the face of the majority opinion, Section 11 has become a dead letter. I do not think legislative enactments should be disregarded so casually.