Charles CALLINS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–17109.

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1972.

Don Anderson, Public Defender, Oklahoma, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Charles Callins, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Robbery with a Dangerous Weapon, After Former Conviction of a Felony; his punishment was fixed at thirty (30) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Dee Ann Palmer testified that on September 19, 1970, shortly before 7:00 a. m., she arrived at her parking lot at Third and Broadway Streets, Oklahoma City, which was across from her place of employment. As she was getting out of her car, a man, whom she identified in court as the defendant, approached with a knife, and ordered her back into the car, threatening to cut her head off. She got in the car on the passenger's side, and the defendant drove, going toward the northeast part of town. He drove for approximately 25 to 30 minutes, crossing a cattle guard, and stopping at an oil lease. The defendant had the knife in his hand at all times during the trip. The defendant rifled her purse, and threw the contents into the back seat. He grabbed a dollar, which she had in her hand. Defendant ordered her from the car, and threatened again to kill her. He drove off, telling her she would have to find her own way back, and threatening her not to call the police, or he would kill her. She walked to Sixty-Third Street, where a man picked her up and called the police. Her car was a 1969 Mustang, light blue, with a dark blue vinyl roof, tag number YB–3264. She observed her car some time later at the Northwest Wrecker, the body having been painted bright yellow, still bearing the same tag.

William Prescott testified that he was employed as an insurance adjuster on October 9, 1970, and pursuant to his work, went to the Northwest Wrecker Service, where he observed a stolen Mustang, tag number YB–3264. The defendant stipulated that certain exhibits, including identification cards of Dee Ann Palmer, were found in the vehicle.

Officer Gardner testified that on October 8 or 9, 1970, he observed a 1969 yellow Mustang, tag number YB–3264, parked in the 300 block of north Central Street. He testified that the defendant came out of a house across the street from the vehicle, and stated that the car belonged to a friend of his, Michael Coe. Defendant stated that his name was Charles Murrall. The officer kept the car under observation for approximately 45 minutes, and when nobody came, he called the Northwest Wrecker Service, and had the car impounded.

Officer Brogdon testified that on the morning of September 19, 1970, he and his partner, Lippe, answered a call to a filling station, and were met by Dee Ann Palmer, who related what had happened. She guided them to an area near Northwest 63rd and Coltrane Road; the defendant thereupon stipulated that the alleged offense occurred in Oklahoma County.

Trooper Johnson, Oklahoma Highway Patrol, testified that on October 3, 1970, he issued a ticket to the defendant for improper stopping on a roadway. The car was a Mustang, with a dark blue top over a yellow body, tag number YB–3264. The defendant produced a driver's license, identifying himself as Melvin Ray Cizek.

For the defendant, Maria Lopez testified that she was living at the Job Corps Center in Guthrie, Oklahoma, and that on September 18, 1970, she had a date with the defendant from about 4:30 p.m., to about 1:55 a.m. the next morning. Defendant was accompanied by one Terry Owens, and they drove a brown and gold Pontiac. On September 25, she saw the defendant in possession of a Mustang automobile.

Terry Owens testified that on the afternoon of September 18, 1970, he and the defendant went to Guthrie, Oklahoma and picked up their girlfriends. They returned

the girls at approximately 2:00 a.m. the following morning. He and the defendant then drove to Stillwater, then Perry, and then returned to Guthrie, where they spent the night. They left Guthrie at about 10:00 a. m. Saturday. On cross examination, Owens admitted to several felony convictions.

The first proposition asserts that the verdict is not supported by the evidence. We have repeatedly held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

The next proposition asserts that the punishment is excessive. The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and the Court of Criminal Appeals does not have the power to modify a sentence, unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. Suffice it to say, that from the foregoing statement of facts, and observing that this is the defendant's third felony conviction, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

The final proposition asserts that the robbery was part of a single criminal transaction, for which defendant has already been convicted. Defendant argues under this proposition that because the de-fendant had previously been prosecuted and convicted for the rape of Miss Palmer, the State lost the power to try the defendant for robbery. We cannot agree with such a contention. The offenses of armed robbery and rape are separate, distinct offenses; the elements of armed robbery and those of rape in the first degree are quite dissimilar. In the recent case of Tucker v. State, Okl.Cr., 481 P.2d 167, we stated:

"We are of the opinion that the fact the crimes were committed in rapid succession does not negate the ultimate fact that separate crimes were committed. To hold otherwise would open the door for persons to commit any number of crimes simultaneously, knowing they could only be punished for one."

In dealing with a similar proposition in Tucker v. State, Okl.Cr., 482 P.2d 939, we stated:

"The defendant further alleges, in his third proposition, that he was placed in jeopardy a second time in that he had previously been convicted of rape. We are of the opinion that the two offenses are separate and distinct acts. The rape had occurred and ended prior to the shooting. This Court has previously held that two or more criminal acts may be committed during the course of one continuing transaction without giving rise to a former jeopardy situation after a trial on one of the criminal acts. Ryan v. State, Okl.Cr., 473 P.2d 322."

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT, J., concurs in results.

SIMMS, J., concurs.