**Orlander STARNES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17578.**

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1973.

W. O. Green III, Enid, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

BUSSEY, Judge:

Appellant, Orlander Starnes, hereinafter referred to as defendant, was charged, and pleaded guilty in the District Court of Garfield County, Case Nos. 3532, 3597, and 3598, to the crimes of Indecent Exposure,

Attempted Rape, and Robbery by Force. He was sentenced to serve a term of three (3) years for Indecent Exposure, thirty (30) years for Attempted Rape, and twenty (20) years for Robbery by Force, all to run concurrently in the state penitentiary, in accordance with the plea of guilty, and a timely appeal has been perfected to this Court.

Briefly stated, the facts are that at about 4:20 a. m. on August 16, 1968, the defendant, posing as a civilian policeman, stopped Mrs. June Stout on a street in Enid, Oklahoma. He accused her of speeding and after asking for her identification, forced his way into her car where he demanded money. Mrs. Stout gave the defendant two or three dollars. The defendant then dragged Mrs. Stout out of her car and attempted to rape her, but was frightened away after about thirty minutes by an Enid detective, Mr. Don Davis.

Defendant had previously been charged with Indecent Exposure arising out of a separate incident on December 11, 1967, in Enid, Oklahoma. Defendant had pleaded Not Guilty to the charge of Indecent Exposure and the trial on that charge resulted in a hung jury.

The defendant pleaded guilty to charges of Robbery by Force and Attempted Rape, as well as to the charge of Indecent Exposure. Before sentence was passed, the prosecuting attorney, Mr. Lamb, made a statement to the court in which he called the defendant a liar, a sex pervert, and compared him to Richard Speck, who had killed eight student nurses in Chicago. The defendant was then sentenced to three (3) years for Indecent Exposure, twenty (20) years for Robbery by Force, and thirty (30) years for Attempted Rape—all to run concurrently.

At sentencing, the defendant was only partially advised of his rights to appeal and on May 26, 1972, a Post Conviction Relief Hearing was held and from that hearing defendant was granted this Post Conviction Appeal.

■ As the first proposition, defendant urges that he was not properly advised of his right to appeal upon sentencing. This proposition is now moot since a Post Conviction Relief Hearing was granted on May 26, 1972, and the defendant was allowed this appeal following that hearing.

■ It is next contended that both the Robbery by Force and the Attempted Rape arose out of the same event and, therefore, under 21 O.S. § 11, it was error to convict the defendant of two separate offenses.

Defendant cites Smith v. State, Okl.Cr., 486 P.2d 770 (1971), as support for this proposition, but *Smith, supra,* is clearly distinguishable. In that case the defendant assaulted a cab driver and demanded money. This Court held that since the objective of the defendant was robbery, he could not be convicted for both Assault with Intent to Kill and Robbery with a Dangerous Weapon.

As shown by the testimony of the complaining witness, the defendant first demanded money and after taking the money he then attempted to rape her. These are not offenses with identical elements, but two separate and distinct offenses, consisting of different elements, one of robbery, and one of rape.

This Court, in Callins v. State, Okl.Cr., 492 P.2d 1133, held:

"The offenses of armed robbery and rape are separate, distinct offenses; the elements of armed robbery and those of rape in the first degree are quite dissimilar. In the recent case of Tucker v. State, Okl.Cr., 481 P.2d 167, we stated:

'We are of the opinion that the fact the crimes were committed in rapid succession does not negate the ultimate fact that separate crimes were committed. To hold otherwise would open the door for persons to commit any number of crimes simultaneously, knowing they could only be punished for one.' "

In the instant case the robbery and attempted rape are two separate crimes with

different objectives, even though they arose within the same brief span of time. The defendant's contention that the two are only one crime is without merit.

The defendant's third proposition of error is that his rights were violated as a result of prejudicial remarks made by the prosecuting attorney in pre-sentencing arguments to the judge.

We must agree that the statements made by Mr. Lamb alluding to the defendant as a sex pervert and a liar, and comparing him to Richard Speck, were highly inflammatory.

This Court has held in Sharkey v. State, Okl.Cr., 329 P.2d 682 (1958), that it is the duty of a prosecutor to prosecute fairly and without prejudice. The prosecution must use proper evidence and not improper, prejudicial evidence. Boyd v. State, Okl. Cr., 478 P.2d 980 (1970).

We held in Olivera v. State, Okl.Cr., 354 P.2d 792 (1960), that statements made in closing arguments which called the defendants "thugs," and "punks" justified a reduction in the defendant's sentences.

We believe that the prosecuting attorney's statements, when viewed in the light of the sentences imposed, were prejudicial and resulted in a greater sentence than would ordinarily have been imposed.

In the furtherance of justice, and in light of the remarks of the prosecuting attorney, and after having examined numerous cases where the factual situations were similar to those giving rise to the convictions in the instant case, we are of the opinion that the judgment and sentence in the District Court of Garfield County, Case No. 3597, for the offense of Attempted Rape, should be modified from a term of Thirty (30) years imprisonment, to a term of Twenty (20) years imprisonment. The judgment and sentence in Case No. 3598 for the crime of Robbery by Force, should be affirmed without modification, and the judgment and sentence in Case No. 3532 for the offense of Indecent Exposure, should also be affirmed, without modification.

Garfield County District Court Case No. 3597 is modified from a term of Thirty (30) years imprisonment, to a term of Twenty (20) years imprisonment; Garfield County District Court Case No. 3598 is affirmed; and Garfield County District Court Case No. 3532 is affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in results.