**Robert Wayne McVEY, Appellant,**

v.

**The STATE of Oklahoma,**
**Appellee.**

**No. F–75–345.**

Court of Criminal Appeals of Oklahoma.

Oct. 3, 1975.

Reid K. Mayfield, Atoka, for appellant.

Larry Derryberry, Atty. Gen., Michael Hackson, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

OPINION

BLISS, Judge,:

Appellant, Robert Wayne McVey, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Atoka County, Case No. CRF–74–48, for the offense of Escape From a State Penitentiary, in violation of 21 O.S.Supp. 1974, § 443. His punishment was fixed by jury at a term of two and one-half (2½) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Jess Titsworth testified that he was employed as an assistant records clerk at the Oklahoma State Penitentiary at McAlester, Oklahoma; that from his records the defendant had been incarcerated since March 1, 1972, for the crime of Assault with Intent to Rape from Grady County. Mr. Titsworth further testified that on June 16, 1974, the defendant was assigned to the Vocational Training School at Stringtown, Oklahoma, in Atoka County.

L. T. Ray testified that he was lieutenant for the State Prison system at Stringtown where he was working on the count desk on June 16, 1974, when the defendant was missed at the ten o'clock count. After the defendant was discovered to be missing the compound was searched and the defendant was not found. Mr. Ray identified the defendant as the inmate who was missing on June 16, 1974.

Mack H. Alford testified that he was the superintendent at the Training School at Stringtown, Oklahoma; that on June 16, 1974 he supervised a search of the compound for three missing inmates. Mr. Alford identified the defendant as one of the missing inmates and stated that the defendant was not found on the compound on June 16, 1974.

Danny Miller testified that he was a detective for the Chickasha Police Department; that on August 10, 1974 he arrested the defendant in Chickasha, Oklahoma.

Defendant testified that he had previously been convicted of a felony, and that he was incarcerated on June 16, 1974 at Stringtown. Defendant further testified that he had broken up a racial fight and had later learned he was in danger of physical harm because of his interference in the fight. After learning of the danger to him, he left the compound by climbing over the fence and walking away. The defendant also related that he was arrested in Chickasha on August 10, 1974, and that during the time he was free, he never voluntarily returned to the State Penitentiary or to Stringtown. On cross-examination, the defendant stated that he was being held for Assault with Intent to Rape and had been convicted of five prior felonies.

Herman C. Bennett testified that he was an inmate at Stringtown being held for Unauthorized Use of Motor Vehicle and Second Degree Burglary, that on June 16, 1974, he had told the defendant that he had overheard a conversation between convicts that the defendant was to be killed.

Billy Gamble testified that he was an inmate at Stringtown being held for Grand Larceny; that he was present when the defendant broke up a fight between black and white inmates and that he had heard the rumors against the defendant.

The defendant's first assignment of error asserts that the trial court erred in its denial of a motion for mistrial based upon improper remarks made by the Assistant District Attorney in his closing arguments. The defendant's initial contention is that the prosecutor's reference to the prior felony convictions of the defendant was prejudicial. In support of that proposition the defendant cites *Barham v. State,* Okl.Cr., 514 P.2d 417 (1973). However *Barham, supra,* is clearly distinguishable on its facts as the opinion reveals:

"In the instant case the trial court failed to instruct the jury that the former convictions should not be considered in determining the guilt or innocence of the defendant but just as to his credibility."

At the defendant's trial the court instructed the jury:

"There has been evidence introduced showing that the defendant has heretofore been convicted of another offense from that charged in' the Information. This evidence was not admitted as tending to prove the guilt or innocence of the defendant of the specific offense charged in the Information in this case, but should you find from the evidence that such other conviction has been had, you may, in your discretion, consider the same as such facts may or may not in your judgment, affect the weight and credit which you will give to the testimony of the Defendant, but for no other purpose. A person may not be convicted of the commission of one offense by any proof tending to show that he may or may not have committed another offense." (Tr. 61)

In *Fox v. State,* Okl.Cr., 321 P.2d 445 (1958), this court set forth the rule of law, in the second paragraph of the syllabus, on which this instruction was based:

"Where evidence of a previous conviction unrelated to the crime with which the defendant is charged is brought out on cross examination, the jury should be instructed that such evidence can only be considered for the purpose of affecting the credibility of the witness."

The trial court's compliance with this rule compels us to reject the defendant's first contention.

■ The second contention defendant raises in support of his first assignment of error is that the prosecutor went outside of the record in his closing argument for the purpose of prejudicing the jury. The defendant cites *Starnes v. State,* Okl.Cr., 507 P.2d 920 (1973) in support of this proposition. In that case we stated:

"We believe that the prosecuting attorney's statements, when viewed in the light of the sentences imposed, were prejudicial and resulted in a greater sentence than would ordinarily have been imposed."

In *Starnes, supra,* as in the instant case, the evidence of guilt was overwhelming, but in *Starnes, supra,* the jury imposed an excessive sentence. We distinguish the instant·case on the grounds that the jury imposed a sentence of two and one-half years but had the discretion to impose a sentence from two to seven. See 21 O.S.Supp.1974 § 443. We find that the prosecutor's remarks in the case before us did not cause the jury to impose an excessive sentence and in light of the overwhelming evidence of defendant's guilt we are compelled to reject defendant's first assignment of error.

■ The defendant's second assignment of error asserts that the trial court committed reversible error in refusing to grant a mistrial after the jury had viewed the defendant's witnesses chained and manacled outside the courtroom during a recess. The defendant argues that this was prejudicial to his right to a fair trial and a violation of 22 O.S.1971 § 15:

"No person can be compelled in a criminal action to be a witness against himself; nor can a person charged with a public offense be subjected before conviction to any more restraint than is necessary for his detention to answer the charge, and in no event shall be tried before a jury while in chains or shackles."

This court concluded in *French v. State,* Okl.Cr., 377 P.2d 501 (1965) that this statute was intended to protect two inherent rights of the accused:

"First, one charged with a crime is entitled to appear in court with free use of faculties, both mentally and physically."

There is no contention that the defendant was denied the right to free use of his mental and physical faculties; his complaint is with reference to the second right protected by the statute:

"The other inherent right intended to be preserved by the Statute was the pre-

**276**

sumption of innocence that every defendant is cloaked with, until proven guilty."

The defendant would contend that while the statute specifically refers only to the person charged, the appearance of his witnesses in view of the jury while manacled destroys the presumption of innocence to which he is entitled, just as surely as if he were to be manacled in the courtroom. In support of this contention the defendant relies on a Minnesota case, *State v. Coursolle,* 255 Minn. 384, 97 N.W.2d 472 (1959) which deals with witnesses for the accused brought from penal institutions and left manacled in the presence of the jury. The court analyzes the prejudicial effect in terms of the adage "a man is known by the company he keeps". In the instant case it does not appear that the defendant's analysis can be applied. The defendant was standing trial for the crime of Escape from a State Penitentiary. His witnesses were fellow inmates. A similar situation was presented to this court in *French v. State,* Okl.Cr., 416 P.2d 171 (1966) and in that case the accused asserted that it was a violation of 22 O.S.1971 § 15 to place on trial a prisoner attired in prison garb. In that case we reasoned:

> ". . . since the homicide occurred in the State Penitentiary where both the defendant and the deceased were serving sentences, it would have been impossible to present all the competent facts surrounding said homicide to the jury for their consideration, without revealing that the defendant was a convict."

The same is true in our present case. Since the jury was aware that the reason the defendant's witnesses were manacled was related to conviction for prior offenses and not to custody pending determination of present guilt, the presumption of innocence as to the crime for which the defendant was presently charged remained intact.

For the above stated reasons we find the defendant's assignment to be without merit.

In conclusion we observe the record to be free of any error which would justify modification or reversal. Judgment and sentence is, accordingly, *affirmed.*

BRETT, P. J., and BUSSEY, J., concur.