Filed 3/22/21  P. v. Bustamante CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LUIS BUSTAMANTE,<br><br>    Defendant and Appellant. | B306952<br><br>(Los Angeles County<br>Super. Ct. No. BA415936-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Craig Richman, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Luis Bustamante appeals from a postjudgment order summarily denying his motion to modify his sentence by striking a one-year prior prison term enhancement imposed pursuant to Penal Code section 667.5, subdivision (b),[1] based on Senate Bill No. 136 (Stats. 2019, ch. 590, § 1) (Senate Bill 136), effective January 1, 2020.  No arguable issues have been identified following review of the record by Bustamante's appointed appellate counsel or by Bustamante in his supplemental letter brief to this court.  We also have identified no arguable issues after our own independent review of the record.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury in 2014 convicted Bustamante of aggravated assault (§ 245, subd. (a)(4)), with personal infliction of great bodily injury (12022.7, subd. (a)); two counts of making a criminal threat (§ 422); grand theft (§ 487, subd. (c)); and battery causing serious injury (§ 243, subd. (d)).  The aggravated assault and battery offenses were found to be hate crimes.  Bustamante was sentenced to an aggregate state prison term of 11 years eight months, which included enhancements for the hate crimes, inflicting great bodily injury and one year for a prior prison term Bustamante had served for second degree burglary within the meaning of former section 667, subdivision (b).

On June 8, 2020 Bustamante, representing himself, filed a motion for modification of sentence, contending Senate Bill 136, which limited the applicability of Penal Code section 667.5, subdivision (b)'s one-year sentence enhancement for prior prison terms to defendants who had previously served a prison term for

_____

[1]     Statutory references are to this code unless otherwise stated.

2

sexually violent offenses as defined in Welfare and Institutions Code section 6600, subdivision (b), required the court to dismiss the one-year prior prison term enhancement imposed at his sentencing.  On June 26, 2020 the superior court summarily denied the motion, ruling Senate Bill 136 does not apply retroactively.  Bustamante filed a timely notice of appeal.

## DISCUSSION

At the time Bustamante was sentenced in 2014, Penal Code section 667.5, subdivision (b), provided in part, when a defendant was convicted of any felony, other than a violent felony, for which a prison sentence was imposed, "in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170." (Stats. 2012, ch. 24, § 19.)  Because he had been convicted of burglary in 2010 and served a prison term for that offense, the one-year enhancement under section 667.5, subdivision (b), was properly imposed.

Senate Bill 136, limiting application of the one-year enhancement specified in section 667.5, subdivision (b), to certain sexually violent offenses, applies under *In re Estrada* (1965) 63 Cal.2d 740, 742, to judgments that were not yet final on its effective date.  (See, e.g., *People v. Petri* (2020) 45 Cal.App.5th 82, 94 ["amendment to section 667.5, subdivision (b)," effective January 1, 2020, "applies retroactively to all defendants whose judgments are not yet final as of that date"]; *People v. Winn* (2020) 44 Cal.App.5th 859, 872-873.)  It has no greater retroactive effect.  (See *In re Estrada*, at p. 744 ["[i]f the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, in our

3

opinion, it, and not the old statute in effect when the prohibited act was committed, applies"].)  Because the judgment of conviction in Bustamante's case became final for purposes of *Estrada* when he failed to appeal it years ago, he is not entitled to the ameliorative benefit of Senate Bill 136.

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Bustamante on appeal.  After reviewing the record, appointed counsel filed a brief raising no issues.  Appointed counsel advised Bustamante on October 27, 2020 that he had 30 days to submit a brief or letter raising any grounds of appeal, contentions or arguments he wanted the court to consider.  We provided a similar notice to Bustamante.

On November 13, 2020 we received a two-page handwritten supplemental brief in which Bustamante argued  he was entitled to resentencing under Senate Bill 136 even though his sentence was final when the legislation became effective, citing *In re Ward* (1966) 64 Cal.2d 672, in which the Supreme Court held a writ of habeas corpus could issue to correct an unlawful sentence (in that case, imposition of punishment for both kidnapping for the purpose of robbery and robbery in violation of section 654).  However, as discussed, Bustamante's sentence was not unlawful at the time it was imposed, and Senate Bill 136 does not apply retroactively to cases that were final before its effective date.

Because no cognizable legal issues have been raised by Bustamante's appellate counsel or by Bustamante or identified in our own independent review of the record, the order denying his motion for modification is affirmed.  (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People*

4

*v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order denying Bustamante's motion is affirmed.


PERLUSS, P. J.

We concur:



SEGAL, J.



FEUER, J.